1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER A. CARRASCO,   )   No. C 07-5666 MMC (PR)
   )
          Petitioner,   )
   )   **ORDER TO SHOW CAUSE**
v.   )
   )
ROBERT A. HOREL, Warden,   )
   )
          Respondent.   )
_____ )

On November 7, 2007, petitioner, a California prisoner incarcerated at Pelican Bay

State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

## BACKGROUND

In 2001, in the Superior Court of Santa Clara County, petitioner was convicted of

assault with a deadly weapon, and battery with serious bodily injury.  He was sentenced to a

term of thirty years to life in state prison.  The California Court of Appeal affirmed in part

and reversed in part; the California Supreme Court denied the petition for review.  In 2005,

petitioner filed state habeas corpus petitions in the California Court of Appeal and the

California Supreme Court; both petitions were denied.

## DISCUSSION

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a);

United States District Court

For the Northern District of California

1  Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an

2  order directing the respondent to show cause why the writ should not be granted, unless it

3  appears from the application that the applicant or person detained is not entitled thereto."

4  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the

5  petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See

6  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,

7  431 U.S. 63, 75-76 (1977)).

8       Petitioner claims that his conviction and sentence for second degree murder are

9  invalid because: the prosecutor knowingly presented false evidence and perjured testimony,

10  inflamed the jury against petitioner during closing argument, and suppressed material

11  exculpatory evidence; petitioner was denied the effective assistance of counsel; the trial

12  court's instructions to the jury were erroneous; and the trial court refused to strike one of

13  petitioner's prior convictions for sentencing purposes.  Liberally construed, petitioner's

14  claims are cognizable.

15  **CONCLUSION**

16       For the reasons stated above, the Court orders as follows:

17       1.  The Clerk of the Court shall serve by certified mail a copy of this order and the

18  petition, along with all attachments thereto, upon respondent and respondent's counsel, the

19  Attorney General for the State of California.  The Clerk shall also serve a copy of this order

20  on petitioner.

21       2.  Respondent shall file with the Court and serve on petitioner, within **ninety (90)**

22  days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

23  Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not

24  be granted based on petitioner's cognizable claims.  Respondent shall file with the answer

25  and serve on petitioner a copy of all portions of the state trial record that have been

26  transcribed previously and that are relevant to a determination of the issues presented by the

27  petition.

28       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

1  the Court and serving it on respondent's counsel within **thirty (30)** days of the date the

2  answer is filed.

3      3.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this

4  order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory

5  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files

6  such a motion, petitioner shall file with the Court and serve on respondent an opposition or

7  statement of non-opposition within **thirty (30)** days of the date the motion is filed, and

8  respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of

9  the date any opposition is filed.

10     4.  Petitioner is reminded that all communications with the Court must be served on

11  respondent by mailing a true copy of the document to respondent's counsel.

12     5.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

13  Court and respondent informed of any change of address and must comply with the Court's

14  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

15  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

16     6.  Upon a showing of good cause, requests for a reasonable extension of time will be

17  granted as long as they are filed on or before the deadline they seek to extend.

18     IT IS SO ORDERED.

19  DATED: April 11, 2008

20  _____
    MAXINE M. CHESNEY
    United States District Judge

3